**NOT FOR PUBLICATION IN WEST'S HAWAI‘I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000418
19-JUL-2024
08:40 AM
Dkt. 73 SO**

NO. CAAP-20-0000418

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I

IN THE MATTER OF THE DONALD T.L. HO
IRREVOCABLE TRUST DATED MAY 30, 2001

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(TRUST NO. 1TR191000112)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Wadsworth and Nakasone, JJ.)

This appeal by a self-represented beneficiary challenges the probate court's order approving the final accounting and denying the appointment of a special master with respect to the Donald T.L. Ho Irrevocable Trust dated May 30, 2001 (**Trust**). We affirm.

Self-represented Joint Beneficiary-Appellant Dorianne Ho (**Dorianne**)[1] appeals from the (1) December 12, 2019 "Order

---

[1] Dorianne submitted an Opening Brief and Reply Brief, both signed only by Dorianne, on behalf of "Joint-Appellant-Beneficiaries" that include herself, Elizabeth Guevara (**Elizabeth**), and Dondi Ho (**Dondi**). The record reflects that only Dorianne filed the June 1, 2020 Amended Notice of Appeal, and Elizabeth and Dondi did not appeal. We thus refer to only Dorianne in this order.

Granting Petition for Approval of Final Accounts, Complete Settlement of Trust Estate, and Discharge of Successor Co-Trustees" (**Order Granting Approval**) and May 4, 2020 Amended Judgment on this order (**Amended Judgment**); and (2) April 24, 2020 "Order Denying Motion for Reconsideration Regarding the Order Granting the Trustees Petition of Final Accounts, Complete Settlement of Trust Estate, and Discharge of Successor Co-Trustees; and the Denial for a Special Master Appointment" (**Reconsideration Order**) and Judgment on this order,[2] all filed and entered by the Circuit Court of the First Circuit (**Probate Court**).[3]

On appeal, Dorianne contends the Probate Court erred: (1) by releasing the co-trustees "without providing and [sic] accounting of the whole estate"; (2) by allowing co-trustee Patrick Yim (**Co-trustee Yim**) to "submit the written Orders and Judgments under color of law, when he was represented by attorney Randal Yee"; and (3) by not appointing a Special Master to investigate Petitioners-Appellees Patrick Yim, Adrienne

---

[2] Dorianne does not present any arguments challenging the Reconsideration Order, and such challenge is waived. See Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 28(b)(7) ("Points not argued may be deemed waived.").

While Dorianne's Amended Notice of Appeal purports to appeal from the "Final Order and Judgment filed herein on June 1, 2020," the record reflects that no judgment was entered on June 1, 2020. Dorianne attaches the following orders and judgments to the Amended Notice of Appeal: (1) the May 4, 2020 Amended Judgment; (2) the May 4, 2020 minute order regarding the Amended Judgment; (3) the April 24, 2020 judgment on the Reconsideration Order; (4) the April 24, 2020 Reconsideration Order; (5) the April 3, 2020 minute order denying reconsideration; (6) the November 25, 2019 minute order granting the petition to approve; (7) the original December 12, 2019 Judgment on the Order Granting Approval; and (8) the December 12, 2019 Order Granting Approval.

[3] The Honorable R. Mark Browning presided.

Sweeney, and Jace McQuivey, as Successor Co-Trustees of the Trust (collectively, **Appellees**).[4]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve Dorianne's points of error as follows, and affirm.

**Jurisdiction**

Appellees challenge this court's jurisdiction over an appeal from the December 12, 2019 Order Granting Approval. Appellees argue that the June 1, 2020 Amended Notice of Appeal was not filed within thirty days of the original December 12, 2019 Judgment, and was untimely under HRAP Rule 4(a)(1).[5] We conclude we have jurisdiction because Dorianne's appeal was filed within thirty days of the May 4, 2020 Amended Judgment, which was the operative judgment for the reasons explained below.

On December 12, 2019, the Probate Court issued the Order Granting Approval approving Appellees' final accounts, ordering Appellees to pay reasonable attorney's fees and costs, terminating Appellees' appointments as successor co-trustees,

---

[4]     We have numbered Dorianne's points of error (**POEs**) and restated them for clarity. See HRAP Rule 28(b)(4) (requiring POEs to be "set forth in separately numbered paragraphs"). Dorianne's POEs do not comply with HRAP Rule 28(b)(4), and do not state "where in the record the alleged error was objected to or the manner in which the alleged error was brought to the attention of the court." HRAP Rule 28(b)(4)(iii). The Opening Brief contains minimal record references, which also impede our review. See HRAP Rule 28(b)(3) (requiring a concise statement of facts with "record references supporting each statement of fact or mention of court . . . proceedings"). Nevertheless, we address Dorianne's contentions to the extent they can be discerned. See Erum v. Llego, 147 Hawaiʻi 368, 380-81, 465 P.3d 815, 827-28 (2020) (affording liberal review to pleadings by self-represented parties to promote access to justice).

[5]     HRAP Rule 4(a)(1) requires that "the notice of appeal shall be filed within 30 days after entry of the judgment or appealable order."

and discharging Appellees from any further claim or demand of any interested person.  No other petitions were filed in the underlying case.  On the same date, the Probate Court entered the original December 12, 2019 Judgment, which provided:  "there being no just reason for delay, Judgment is hereby entered pursuant to Hawaii Probate Rule[s] [(**HPR**)] [Rule] 34(a) and in the manner provided by Rule 54(b) of the Hawaii Rules of Civil Procedure [(**HRCP**)][,]"[6] and "[t]his judgment is final as to all persons with respect to all issues concerning the decedent's trust that the court considered or might have considered incident to the [Petition] and fully addresses all claims raised in said Petition."  This language in the original Judgment did not comply with HRCP Rule 54(b).

On December 23, 2019, Dorianne filed a Motion for Reconsideration, which the Probate Court denied in the April 24, 2020 Reconsideration Order and Judgment.

On May 3, 2020, Dorianne filed a Notice of Appeal from the April 3, 2020 minute order denying reconsideration and the April 24, 2020 Judgment on the Reconsideration Order.

On May 4, 2020, the Probate Court issued a minute order explaining that the original December 12, 2019 Judgment on the Order Granting Approval "had inadvertently been entered pursuant to [HPR] Rule 34(a) and in the manner provided by

---

[6]     HPR Rule 34 governs appealability of probate court orders, and provides in subsection (a), entitled "Entry of Judgment," that:  "Any other order that fully addresses all claims raised in a petition to which it relates, but that does not finally end the proceeding, may be certified for appeal in the manner provided by Rule 54(b) of the [HRCP]."

HRCP Rule 54(b) provides for the entry of judgment on multiple claims involving multiple parties, and states:  "[T]he court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."

4

[HRCP] Rule 54(b)," when it "should have been entered pursuant to [HPR] Rule 34(c)."[7]  The minute order stated that this error "shall not affect any appeal already filed" and that an amended judgment would be entered.  The same day, the Probate Court entered the May 4, 2020 Amended Judgment on the Order Granting Approval, which stated that it was entered pursuant to HPR Rule 34(c), and that it "is final as to all persons with respect to all issues concerning the above-entitled trust and fully addresses all claims and issues raised or that could have been raised in this proceeding."

Here, the record reflects that the Probate Court's original December 12, 2019 Judgment was defective because it was not certifiable for appeal under HPR Rule 34(a), in the manner provided by HRCP Rule 54(b).  The May 4, 2020 Amended Judgment, which the Probate Court correctly entered as the operative "final judgment closing the proceeding" under HPR Rule 34(c), is an appealable judgment.  Because the May 4, 2020 Amended Judgment cured a jurisdictional defect in the original Judgment, it "create[d] a right of appeal where one did not exist before," and therefore, was not merely the correction of a "clerical error."  Korsak v. Haw. Permanente Med. Grp., Inc., 94 Hawaiʻi 297, 304, 12 P.3d 1238, 1245 (2000) (citation omitted).  That the Probate Court stated in its minute order preceding the Amended Judgment that it "shall not affect any appeal already filed" does not change the fact that the original Judgment was jurisdictionally defective, and the Amended Judgment cured the

---

[7]     HPR Rule 34(c), entitled "Final Judgment Closing Proceeding," provides that:  "At the conclusion of the proceeding, a final judgment closing the proceeding shall be entered and filed with the clerk of the court, at which time all prior uncertified interlocutory orders shall become immediately appealable."

defect. Under HRAP Rule 4(a)(2),[8] Dorianne's premature appeal, filed after the Probate Court's December 12, 2019 Order Granting Approval, but before the entry of the final and appealable May 4, 2020 Amended Judgment on the Order Granting Approval, is "considered as filed immediately after" the entry of the May 4, 2020 Amended Judgment, and the appeal is timely. We thus have jurisdiction to review the December 12, 2019 Order Granting Approval.[9]

**(1)** Dorianne argues the Order Granting Approval failed "to provide a timely, accurate accounting to [the] beneficiaries." Dorianne claims the accounting failed to provide "a summary explaining the amount and basis of fiduciary fees" under HPR Rule 26(3); failed to provide "a copy of any audited report to the beneficiaries in respect [sic] to the accounting period" under HPR Rule 26(5); and failed to comply with "generally accepted accounting principles." (Emphasis omitted.) Dorianne further asserts that "a copy of the controlling trust documents" was not provided, and complains of inadequate communication with the beneficiaries. (Emphasis omitted.)

Dorianne does not indicate where in the record these objections to the accounting were made, and how they were preserved for appeal. See HRAP Rule 28(b)(4)(ii) and (iii). Dorianne does not challenge specific entries in the Appellees' submissions or explain how her assertions establish a clear

---

[8]    HRAP Rule 4(a)(2), entitled "Premature Filing of Appeal," provides that: "If a notice of appeal is filed after announcement of a decision but before entry of the judgment or order, such notice shall be considered as filed immediately after the time the judgment or order becomes final for the purpose of appeal."

[9]    The Probate Court lacked jurisdiction to issue its July 23, 2020 findings of fact and conclusions of law regarding the Order Granting Approval, filed after the initial May 3, 2020 Notice of Appeal.

disregard of law amounting to an abuse of discretion. See HRAP Rule 28(b)(7) (requiring argument to contain "citations to the authorities, statutes and parts of the record relied on[,]" and providing that "[p]oints not argued may be deemed waived."); Aickin v. Ocean View Invs. Co., 84 Hawaiʻi 447, 453, 935 P.2d 992, 998 (1997) ("The relief granted by a court in equity is discretionary and will not be overturned on review unless the circuit court abused its discretion by issuing a decision that clearly exceeds the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of the appellant." (cleaned up)); Haw. Ventures, LLC v. Otaka, 114 Hawaiʻi 438, 480, 164 P.3d 696, 738 (2007) (finding that the appellants failed to demonstrate error because they "do not point to anything in the record or provide any analysis that would guide th[e] court in determining the validity of their contention.").

We conclude that the Probate Court did not abuse its discretion in the Order Granting Approval. See In re Estate of Gentry, No. CAAP-13-0000426, 2014 WL 2180110, (Haw. App. May 23, 2014) (SDO) (applying abuse of discretion standard of review to the probate court's approval of an accounting).

**(2)** Dorianne's argument that Co-trustee Yim should not have submitted any written orders and judgments is difficult to discern. It appears that Dorianne relies on the Hawaii Revised Code of Judicial Conduct to claim that attorney Randall Yee, Co-trustee Yim, and the Probate Court judge acted improperly when: "[f]rom December 2nd through the 12th, 2019, attorney Randall Yee corresponded by letter and other collaboration [sic] with Judge Browning and Successor Co-Trustees, for advice to file the signed written Order and Judgment." Dorianne also claims that Co-trustee Yim submitted and filed the Order and Judgment in

7

dockets 44 and 46, which "gave an appearance of impropriety[.]" (Emphasis omitted)  Dorianne refers to the December 2, 2019 letter attorney Randall Yee sent to the Probate Court judge, enclosing a proposed order and judgment disposing of the petition for court approval.

The record reflects that the December 2, 2019 letter (**Rule 23 letter**) that Dorianne claims was improper, expressly referenced Rule 23 of the Rules of the Circuit Courts of the State of Hawai'i (**RCCH**).  RCCH Rule 23 outlines the procedures for the preparation, submission, and settlement if contested, of orders and judgments.  The Rule 23 letter was copied to Dorianne, and was submitted in compliance with RCCH Rule 23. The "Notice of Electronic Filing" at dockets 45 and 47, which correspond to the Order Granting Approval at docket 44 and the original Judgment at docket 46, were both filed by Attorney Randall Yee, not Co-trustee Yim.  Dorianne's assertions are inaccurate and lack legal merit.

**(3)** Dorianne argues that the Probate Court should have appointed a special master because a "[m]ajority of the beneficiaries desire an investigation for possible acts of fraud, stealing, misuse of power, blackmail and other serious allegations."  (Bolding omitted.)  Dorianne disagrees with Appellees' argument "that a Special Master is only for complicated cases," and that therefore, this case did not require a Special Master.  Dorianne asserts that the appointment was necessary "due to the complicated nature of the case, multiple beneficiaries requesting a review, and alleged breaches and accusations of fraudulent activities."  (Bolding omitted.)

Dorianne does not present pertinent legal authority or provide record references to evidence that supports her assertions.  See HRAP Rule 28(b)(7).  Dorianne does not explain

how her assertions establish a clear disregard of law constituting an abuse of the Probate Court's discretion.  See Aickin, 84 Hawaiʻi at 453, 935 P.2d at 998; Haw. Ventures, LLC, 114 Hawaiʻi at 480, 164 P.3d at 738.

We conclude the Probate Court did not abuse its discretion when it declined to appoint a Special Master.  See In re Estate of Damon, 119 Hawaiʻi 500, 503, 199 P.3d 89, 92 (2008) (applying abuse of discretion standard of review to the probate court's appointment of a master).

For the foregoing reasons, we affirm the (1) December 12, 2019 "Order Granting Petition for Approval of Final Accounts, Complete Settlement of Trust Estate, and Discharge of Successor Co-Trustees"; (2) April 24, 2020 "Order Denying Motion for Reconsideration Regarding the Order Granting the Trustees Petition of Final Accounts, Complete Settlement of Trust Estate, and Discharge of Successor Co-Trustees; and the Denial for a Special Master Appointment"; (3) April 24, 2020 "Judgment on Order Denying Motion for Reconsideration Regarding the Order Granting the Trustees Petition of Final Accounts, Complete Settlement of Trust Estate, and Discharge of Successor Co-Trustees; and the Denial for a Special Master Appointment"; (4) May 4, 2020 "Amended Judgment on Order Granting Petition for Approval of Final Accounts, Complete Settlement of Trust Estate, and Discharge of Successor Co-Trustees";[10] (5) May 4, 2020 "Minute Order Re Judgment on Order Granting Petition for Approval of Final Accounts, Complete Settlement of Trust Estate, and Discharge of Successor Co-Trustee"; (6) April 3, 2020 "Minute Order Re Motion for Reconsideration Regarding the Order Granting the Trustee Petition of Final Accounts, Complete

_____

[10]    This Amended Judgment replaced the original December 12, 2019 Judgment that was also attached to the Amended Notice of Appeal.

Settlement of Trust Estate, and Discharge of Successor Co-Trustees; and the Denial for a Special Master Appointment"; and (7) November 25, 2019 "Minute Order Re Petition for Approval of Final Accounts, Complete Settlement of Trust Estate, and Discharge of Successor Co-Trustees (Filed 5/28/2019)," all filed and entered by the Circuit Court of the First Circuit.

DATED: Honolulu, Hawai'i, July 19, 2024.

On the briefs:

Dorianne L. Ho
Self-Represented
Joint Beneficiary-Appellant

Adrian L. Lavarias
for Petitioners-Appellees

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge

10